## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.  08-cv-1004 |
| | ) | |
| RHONDA HILL, THE BANK OF ILLINOIS IN NORMAL, and MID CENTRAL COMMUNITY ACTION, INC., | ) ) ) ) | |
| | ) | |
| Defendants. | | |

## <u>O R D E R  &  O P I N I O N</u>

This matter is before the Court on Plaintiff's unopposed Motion to Vacate Judgment and Dismiss, filed on April 30, 2010.  (Doc. 28).  The deadline for responses was May 17, 2010, and no responses have been filed; indeed, Plaintiff's Motion appears to benefit Defendants more than itself.  For the reasons stated below, the Motion is granted.

On January 4, 2008, Plaintiff, on behalf of the United States Department of Agriculture, filed a Complaint for foreclosure of a certain property in Hudson, Illinois, against Defendant Rhonda Hill.  (Doc. 1).  Defendants The Bank of Illinois in Normal and Mid Central Community Action, Inc. were named because they held a mortgage and a recapture agreement, respectively, against the subject property. Defendants failed to appear in this action, and default was entered on August 6, 2008; default judgment was entered that same day.  (Docs. 23 & 24).  Prior to execution of the foreclosure judgment, however, Defendant Hill filed for Chapter 11

bankruptcy on July 18, 2008. The instant foreclosure matter was therefore stayed on October 8, 2008. (Doc. 26).

In its instant Motion, Plaintiff asserts that Defendant Hill has remained current in her post-bankruptcy-petition mortgage payments, and it therefore requests that the judgment be vacated and the case dismissed. Under Federal Rule of Civil Procedure 60(b)(5), the Court may vacate judgment if "the judgment has been satisfied, released, or discharged, or applying it prospectively is no longer equitable." Under Rule 60(b)(6), the Court may vacate judgment for "any other reason that justifies relief." Motions under these subsections must be made within a "reasonable time" after the judgment. FED. R. CIV. PRO. 60(c).

It appears that Plaintiff no longer wishes to sell the subject property in satisfaction of its mortgage interest, as it is receiving payments on the mortgage. The bankruptcy plan, confirmed by order of the Bankruptcy Court, provides for Defendant to make payments on the mortgage arrearage to the trustee, who is to pay Plaintiff, and for her to pay the remainder of the mortgage payments to Defendant directly.[1] (08-bk-71728, Doc. 51). In light of the facts that Defendant Hill is now making proper payments pursuant to the bankruptcy plan, and that Plaintiff accepts these payments, the Court finds that execution of the judgment against Defendant is no longer equitable. It would be inequitable for Defendant to be subject to foreclosure of her home after having made proper payments pursuant to the bankruptcy plan. Further, vacation of the judgment in this matter will uphold the order of the Bankruptcy Court confirming the bankruptcy plan, and will

---

[1] The plan also provides for similar payments on the mortgage of Defendant The Bank of Illinois in Normal.

be in the public interest.[2] The Court finds that though there has been a substantial delay between the entry of judgment and the instant Motion, such delay was reasonable in this instance, where it could not have been known until the present time that Defendant Hill would remain current on her mortgage payments under the bankruptcy plan. The judgment is therefore vacated.

Further, Rule 41(a) provides for voluntary dismissal of actions. Such a dismissal can be obtained by the plaintiff alone where the opposing party has not yet filed an answer or motion for summary judgment, or by court order. FED. R. CIV. PRO. 41(a). Here, the Defendant never appeared in this action, so there has been no answer or motion for summary judgment filed. However, as the action did proceed through default judgment, it appears that a court order would be necessary. The Court finds that dismissal of this action is appropriate, as the parties have agreed to resolve this matter pursuant to the bankruptcy plan, which has been confirmed by the Bankruptcy Court.

---

[2] An analogous situation to the instant one is where the parties have settled the matter following entry of judgment, and wish to have the judgment vacated. Some courts have indicated a reluctance to vacate judgments on this basis absent "extraordinary circumstances," citing the courts' and public's interest in the finality of judgments. *See Nilssen v. Motorola, Inc.*, 93-C-6333, 96-C-5571, 2002 WL 31369410, *2-3 (N.D. Ill. 2002) (*citing U.S. Bancorp Mortg. Co. v. Bonner Mall Partnership*, 513 U.S. 18, 25-29 (1994) (district courts should not vacate judgments upon settlement absent extraordinary circumstances); *Krolikowski v. Volanti*, 95-c-1254, 1996 WL 451307, *2-3 (N.D. Ill. 1996) (*quoting U.S. Bancorp Mortg. Co.*, 513 U.S. at 392) ("Judicial precedents are presumptively correct and valuable to the legal community. They are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur.").

Here, however, the "settlement" was pursuant to the bankruptcy plan, confirmed in the Bankruptcy Court's order. In this case, there is a greater court and public interest in enforcing the order of the Bankruptcy Court: it provides an equitable disposition of the matter, and greater judicial resources were expended by the Bankruptcy Court than this Court, which merely entered a default judgment.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Vacate Judgment and Dismiss (Doc. 28) is GRANTED. The judgment entered against Defendants in this matter (Doc. 24) is hereby VACATED. This matter is DISMISSED WITHOUT PREJUDICE.

CASE TERMINATED.

Entered this <u>18th</u> day of May, 2010.


                                                s/ Joe B. McDade  
                                                JOE BILLY McDADE  
                                  United States Senior District Judge